IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.   3:15-00006

TAYVON MYKAL GAULDS

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Tayvon Mykal Gaulds' *pro se* Motion/Notice of Availability and Memorandum in Support. ECF No. 83. The Government filed a Response in opposition to Mr. Gaulds' motion. ECF No. 85. For the following reasons, the Court agrees with the Government and **DENIES** the motion.

On August 24, 2015, this Court sentenced Mr. Gaulds to a term of imprisonment of 12 months followed by a three-year term of supervised release. Mr. Gaulds' first term of supervised release began on July 26, 2016. On January 8, 2018, this Court revoked Mr. Gaulds' supervised release and sentenced him to an eight-month term of imprisonment followed by a 24-month term of supervised release.

Mr. Gaulds' current term of supervised release began on August 17, 2018. A petition and an amendment to the petition were filed seeking revocation of Mr. Gaulds' supervised release on January 14, 2019, and July 1, 2020, respectively. The Court directed the issuance of an arrest warrant after the filing of the petition. The amendment alleges that Mr. Gaulds was charged on June 6, 2020, in Lawrence County, Ohio, Common Pleas Court with several felony offenses, including tampering with evidence, having weapons under disability, obstructing official business, and four counts of felonious assault.

According to the Government, Mr. Gaulds was convicted in the Lawrence County, Ohio, Common Pleas Court of the felony offenses of having weapons under disability and two counts of felonious assault. The Government also represents that Mr. Gaulds received a total sentence of six to nine years imprisonment and that his expected release date or his parole eligibility date is May 22, 2026.

The Interstate Agreement on Detainers Act (IADA) provides an incarcerated individual has the right to demand a trial as to any "untried indictment, information, or complaint" within 180 days or have the charges dismissed. 18 U.S.C. App. 2 § 2, Art. III(a). However, the IADA does not apply to a detainer based on a supervised release violation. *United States v. Fitzpatrick*, No. 12-40089-01-DDC, 2020 WL 2395217, at *2 (D. Kan. May 12, 2020) ("While the IAD requires timely disposition of a charge made by an untried indictment, information or complaint, it does not apply to detainers based on petitions to revoke supervised release"); *cf. Carchman v. Nash*, 473 U.S. 716, 725, 731 n. 10 (1985) ("This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing"). Therefore, since the detainer in this case is not an "untried indictment, information, or complaint," the Court finds Mr. Gaulds does not have a right to a speedy disposition of the petition or the amendment to the petition while he is serving his Ohio sentence. Accordingly, the Court **DENIES** Mr. Gaulds' motion. ECF No. 83.

The Court **DIRECTS** the Clerk to provide a copy of this Order to defendant, counsel of record, the United States Marshals Service, and the United States Probation Department

ENTER:    May 5, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE